IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. 4:26-CV-03719 |
| HAZA FOODS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendant, HAZA FOODS LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 et seq., based upon Defendant's HAZA FOODS LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.    Plaintiff uses a wheelchair for mobility purposes.

6.    In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7.    Defendant, HAZA FOODS LLC (hereinafter "HAZA FOODS LLC"), is a domestic limited liability company that transacts business in the State of Texas and within this judicial district.

8.    Defendant, HAZA FOODS LLC, may be properly served with process via its Registered Agent, to wit: c/o Corporation Service Company D/B/A Csc-Lawyers INCO, Registered      Agent,      211      E.      7Th      Street      Suite      620 Austin, TX 78701.

## **FACTUAL ALLEGATIONS**

9.    On or about February 24, 2026, Plaintiff was a customer at "Wendy's," a business located at 7215 Fondren Rd, Houston, TX 77074, referenced herein as "Wendy's". Attached is a

receipt documenting Plaintiff's purchase.  See Exhibit 1.  Also attached is a photograph documenting Plaintiff's visit to the Property. See Exhibit 2.

10.    Defendant, HAZA FOODS LLC, is the tenant/operator of the real property and improvements that are the subject of this action.

11.    Plaintiff's access to the Wendy's, located at 7215 Fondren Rd, Houston, TX 77074, Harris County Property Appraiser's property identification number 0931760000020 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

12.    Plaintiff lives 1 mile from the Property.

13.    Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

14.    Plaintiff has visited the Property three times before as a customer and advocate for the disabled.  Plaintiff intends to revisit the Property within six months, likely sooner, after the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer of Wendy's, to determine if and when the Property is made accessible and for Advocacy Purposes.

15.    Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access, as such, Plaintiff is deterred

3

from returning to the Property as a customer until after the barriers to access identified in this Complaint are cured.

16.     Plaintiff travelled to the Property as a customer three times before as a customer, personally encountered the barriers to access at the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

17.     Plaintiff encountered all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

18.     Plaintiff's inability to fully access the Property in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

20.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

4

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iii) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

  * * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.     The Property is a public accommodation and service establishment.

25.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

27.     The Property must be, but is not, in compliance with the ADA and ADAAG.

28.     Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Plaintiff intends to visit the Property as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services,

facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.    Defendant, HAZA FOODS LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31.    Defendant, HAZA FOODS LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, HAZA FOODS LLC, is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

32.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

(i)    The three accessible parking spaces do not have a marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This barrier to access makes it nearly impossible for an individual in a wheelchair to enter and exit their vehicle at these accessible parking spaces due to the close presence of parked vehicles on either side of the accessible parking spaces not providing enough room for the wheelchair, this eliminates the accessible route from these accessible parking spaces.

(ii)  For all three accessible parking spaces, due to the lack of an access aisle, when a vehicle is parked in the accessible parking space and there are cars parked on either side of the accessible parking space (for one of the spaces, there are permanent poles instead of parked vehicles blocking the access route), there lacks adequate space for Plaintiff to enter and exit their vehicle.  As a result, the Property lacks an accessible route from this accessible parking space to the accessible entrance of the Property in violation of Section 208.3.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access Wendy's if he parks in any of the accessible parking spaces.

(iii)  One of the three accessible parking spaces has a vertical rise in excess of ¼ inch and is in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as well as make it difficult for Plaintiff to travel to the public accommodation (Wendy's) offered at the Property.

(iv)  There are three accessible parking spaces that are missing identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space. This barrier is made even worse by the lack of access aisles, a common signature of accessible parking spaces.

(v)  The three accessible parking spaces are not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This barrier to access would make it

difficult and dangerous for Plaintiff to access the units of the Property from these accessible parking spaces as the far location increases the likelihood of traversing into the vehicular way and getting struck by a vehicle or encountering a barrier to access which stops Plaintiff from accessing the public accommodations offered at the Property.

(vi)    Due to a failure to enact a policy of proper parking lot maintenance, there is a buildup of gravel and debris. As a result, the ground surfaces of the accessible spaces have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 502.4, 302 and 303 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property.

(vii)   Due to the proximity of a four-inch drop-off from the sidewalk directly adjacent to the accessible entrance, causing a vertical drop-off in the maneuvering clearance, the maneuvering clearance of the accessible entrance is not level in violation of Section 404.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access this Wendy's since it is often necessary for individuals in wheelchairs to need additional maneuvering clearance to open doors.  However, when the maneuvering clearance has a significant drop, like this one, it exposes Plaintiff to the very real prospect of falling into the parking lot from this vertical drop off injuring Plaintiff and potentially being struck by an incoming vehicle.

9

(viii)   Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**WENDY'S RESTROOMS**

(ix)   The restroom door requires an opening force in excess of 5lbs (five pounds) in violation of Section 309.4 of the 2010 ADAAG standards.  This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(x)   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the sink as the pipes underneath the sink typically have sharp surfaces and/or hot pipes, and since individuals in wheelchairs use a sink while seated, their legs are particularly vulnerable to these threats.

(xi)   Defendant has a policy of placing the toilet paper dispenser under the side grab bar of the accessible toilet so that the grab bar no longer complies with the 1 1/2-inch spacing requirement set forth in Section 609.3 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff and other individuals with disabilities to utilize the accessible toilet safely as the grab bars are blocked and/or impeded by the objects placed on or about the grab bars by Defendant.

(xii)   The restroom door lacks a clear minimum maneuvering clearance, due to the proximity of the door hardware within 18 inches to the adjacent sink, in

violation of Section 404.2.4 of the 2010 ADAAG standards.  This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom due to the fact individuals in wheelchairs have their feet sticking out in front of them and when there is inadequate clearance near the door (less than 18 inches), their protruding feet block their ability to reach the door hardware to open the door.

33.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

34.    While the Property was originally built in 1980, according to the Harris County Property Appraiser, the "effective year built" for the Property is 2014, due to the fact significant modifications occurred in that year.  As such, when adjudicating the removal of barriers to access identified in this Complaint, the proper standard to use is the 2010 ADAAG Standard.  The readily achievable standard should not be applied.

35.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36.    All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA as the modifications necessary to cure the barriers to access identified in paragraph 32 of this Complaint are listed in 28 C.F.R. § 36.304 as "readily achievable".

37.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

11

38.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant has the financial resources to make the necessary modifications.  Its parent company HAZA GROUP operates 581 restaurants (Wendy's and Taco Bell) in the United States, and according to the "Franchise Times" in 2022 had annual revenue of $850 million.

39.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

40.     Upon information and good faith belief, the Property has been altered since 2010.

41.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, HAZA FOODS LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

42.     Plaintiff's requested relief serves the public interest.

43.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, HAZA FOODS LLC.

44.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, HAZA FOODS LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

45.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, HAZA FOODS LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant, HAZA FOODS LLC, in violation of the ADA and ADAAG;

(b)    That the Court issue a permanent injunction enjoining Defendant, and HAZA FOODS LLC, from continuing their discriminatory practices;

(c)    That the Court issue an Order requiring Defendant, HAZA FOODS LLC, to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)    That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: May 8, 2026.

Respectfully submitted,

THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 24126961
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

13